UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
TYRRELL L. J. EILAND,               :
                                    :
        Petitioner,                 :   Civ. No. 15-2995 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN J. HOLLINGSWORTH,             :
                                    :
        Respondent.                 :
_____:

APPEARANCES:
Tyrell L. J. Eiland, # 85211054
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

On or about April 29, 2015, Tyrell L. J. Eiland, a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this request for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1).  On April 30, 2015, this Court denied Petitioner's application to proceed in forma pauperis and the action was administratively terminated. (ECF No. 3).  On or about May 9, 2015, Petitioner paid the $5.00 filing fee and the case was reopened.  The Court has reviewed the Petition and, for the reasons that follow, it will be dismissed for lack of jurisdiction.

I.   BACKGROUND

The Petition is based on four separate grounds for relief. First, Petitioner contends that he is receiving inadequate medical care. With respect to this allegation, Petitioner states that he arrived at FCI Fort Dix with a pre-existing condition which requires specialized care. (Pet. 7, ECF No. 1). Although Petitioner does not provide specific information regarding his condition, he contends that his medications were late, that appointments have not been made and, generally, that his medical condition is becoming worse. Id.

As his second ground for relief, Petitioner alleges that the prison conditions constitute cruel and unusual punishment. Id. More specifically, he contends that the prison is overcrowded and unclean to the point of posing a health and security risk to inmates. Petitioner also briefly alleges that the Bureau of Prisons ("BOP") miscalculated his sentence and custody level.

As his third ground for relief, petitioner asserts that his due process rights were violated when, as retaliation for grievance reports filed by Petitioner, a prison official issued an incident report that carried with it severe sanctions and penalties. Id.

Finally, Petitioner alleges that he was sexually assaulted by another inmate. Id. at 8. He contends that prison officials ignored his report and that proper protocol was not followed.

Petitioner states that the regional office granted his appeal, in part, but that only an "interrogation" has come as a result. In light of the attachments to his Petition, it appears that an investigation is ongoing. (Pet. 18, Letter from Regional Director, Apr. 7, 2015, ECF No. 1).

Petitioner requests relief in the form of "immediate release from custody at Fort Dix, grant full gratuity, clothing, and transportation to Nevada."

## II. STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult,

708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

Habeas corpus is an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

A habeas corpus petition is also the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Here, Petitioner files this habeas petition pursuant to 28 U.S.C. § 2241. However, he alleges constitutional violations rather than challenges to the fact or length of his confinement or the execution of his criminal sentence. Specifically, Ground One is an allegation of inadequate medical care in violation of the Eight Amendment; Ground Two asserts cruel and unusual punishment in violation of the Eight Amendment; Ground Three

alleges retaliation in violation of the Due Process Clause and the Fifth and Fourteenth Amendments; and, although its basis is imprecise, Ground Four can be construed as either a due process violation or a claim for failure to protect in violation the Eight Amendment.  Because these claims do not challenge the fact or length of his confinement or the execution of his criminal sentence, they are not cognizable under § 2241. See Preiser, 411 U.S. 475; Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002); see also Lee v. Williamson, 297 F. App'x 147, 148 (3d Cir. 2008) (claims concerning retaliation and medical needs did not lie "at the core of habeas").

Typically, these types of claims are appropriately brought in the context of a civil rights action. See e.g., Leamer, 288 F.3d 532; Castillo, 221 F. App'x at 175.  Petitioner may, if he chooses to do so, air his grievances and seek relief by filing an action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  The Court makes no determination as to the merits of such an action; nor does it make a finding as to whether Petitioner has exhausted his administrative remedies as required by 42 U.S.C. § 1997e. See, e.g., Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

Petitioner is on notice, however, that the filing fee for a civil action is $400 and that the prerequisites for in forma

pauperis status in an action under Bivens are different than those in a habeas case.  Forms are available on the Court's website.  See http://www.njd.uscourts.gov/.

The Court further notes that Petitioner makes a passing reference to the fact that the BOP miscalculated his sentence and custody level. (Pet. 7, ECF No. 1).  Generally, petitions under 28 U.S.C. § 2255 have been the "usual avenue" or presumptive means for federal prisoners seeking to challenge the validity of their conviction or sentence. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also Davis v. United States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011).

Thus, to the extent Petitioner meant to challenge the calculation of his sentence, he must do so by way of a petition under § 2255.  Any such filing must be brought before the sentencing court, the Southern District of New York, and Petitioner should be aware of the applicable one-year statute of limitations. See 28 U.S.C. § 2255(f).

Finally, the Court notes that the Petition references a pre-existing medical condition, unclean conditions at the prison which allegedly pose health risks, the imposition of "severe sanctions" in retaliation for filing a grievance, and a sexual assault. (Pet. 7-8, ECF No. 1).  Although these allegations are

vague, they are troubling nonetheless.  However, at this time Petitioner has not alleged an emergent situation or medical condition; nor do the allegations of the Petition suggest that he is in imminent danger of serious physical injury.

## IV.  CONCLUSION

For the reasons set forth above, Petitioner's claims are not cognizable under § 2241, and the Petition will be dismissed for lack of jurisdiction.  An appropriate Order will be entered.

```
                               ___s/ Noel L. Hillman_____
                               NOEL L. HILLMAN
                               United States District Judge
```

Dated: June 8, 2015
Camden, New Jersey